IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| TERESA WISNESKI, Individually and on Behalf of All Other Similarly Situated, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 19-2523 |
| BELMONT MANAGEMENT COMPANY, INC. | ) ) ) ) | |
| Defendant. | ) | |

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Teresa Wisneski ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Eric L. Dirks of Williams Dirks Dameron, LLC, and Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant Belmont Management Company, Inc. ("Defendant"), she states and alleges as follows:

**I. PRELIMINARY STATEMENTS**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

4. The United States District Court of Kansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business in this District and a substantial part of the records of the violations alleged herein are in this District.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Kansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Kansas.

7. The payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.    THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a citizen and resident of Franklin County, Arkansas.

10. Plaintiff was hired by Defendant as an hourly employee at one of Defendant's apartment complexes during the three years preceding the filing of this Complaint.

11. At all material times, Plaintiff was entitled to the rights, protection, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

12. Defendant is an "employer" within the meaning set forth in the FLSA, 29 U.S.C. § 203(d), and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer and was engaged in interstate commerce as that term is defined under the FLSA, 29 U.S.C. § 203(b).

13. Defendant is a Kansas for-profit corporation with its headquarters located in Topeka, with offices throughout the southern United States that operate apartment complexes throughout the southern United States.

14. Defendant can be served through its registered agent for service, namely National Registered Agents, Inc. of KS, 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

15. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. Within the past three (3) years preceding the filing of this Complaint, Defendants continuously employed at least four employees, including Plaintiff.

## IV.   FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

18. During Plaintiff's employment, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid Plaintiff an hourly wage.

19. Defendant's apartment complex operates twenty-four (24) hours per day, seven (7) days per week.

20. Plaintiff's duties during regular business hours included almost entirely office work, including processing move-ins and move-outs, evictions, and paperwork for federal rental assistance.

21. Defendant required that Plaintiff clock out at 5 o'clock pm, but often required her to continue to work after clocking out.

22. Plaintiff was "on-call" even when not clocked in and was required to respond to

tenant repair and maintenance requests at all times no matter the time of day or night.

23. Plaintiff filled the role of maintenance staff and took care of tenants' repair and maintenance requests.

24. Plaintiff does not seek compensation for time spent merely "on call," but instead for actual "call-out" time when Plaintiff was called upon to perform job duties after regular hours.

25. Plaintiff and all other hourly-paid employees who lived on-premises were classified as hourly employees and paid an hourly rate.

26. Plaintiff and other hourly-paid employees worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendants.

27. Defendant was aware of Plaintiff's and all other similarly situated employees' off-the-clock work that was performed after hours but failed to pay them for most of that work.

28. As a result of Defendant's policy requiring Plaintiff and similarly situated employees to perform maintenance and repair work after hours, they performed uncompensated labor.

29. In addition to the hourly rate, Plaintiff and similarly situated employees received rent credit.

30. These rent credits were a form of compensation to the Plaintiff and similarly situated employees.

31. In the limited instances in which Plaintiff and similarly situated employees were clocked in for over forty (40) hours in a workweek, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the rent credit that Defendant provided to Plaintiff and similarly

situated employees.

33.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34.     Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the rent discount, in the regular rate when calculating Plaintiff's and similarly situated employees overtime pay.

32.     Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

### V.     COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

34.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35.     Plaintiff brings her FLSA claim on behalf of all other hourly-paid employees who lived on-premises and were employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B.     Liquidated damages; and

C.     Attorney's fees and costs.

36.     The relevant time period dates back three (3) years from the date on which

Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

37. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They recorded their time in the same manner;

D. They lived on Defendants' premises and received a rent credit; and

E. They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

38. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds one hundred (100) persons.

39. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiff are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 207.

43. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

44. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

45. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including rent discounts, for Plaintiff in her regular rate when calculating her overtime pay.

46. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

47. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

48. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
#### (Collective Action Claim for Violation of FLSA)

49. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

50. Plaintiff brings this collective action on behalf of all hourly-paid employees who lived on-premises employed by Defendant to recover monetary damages owed by Defendant to

Plaintiff and members of the putative collective for all the overtime compensation for all the hours she and they worked in excess of forty (40) each week.

51. Plaintiff brings this action on behalf of herself and all hourly-paid employees who lived on-premises, former and present, who were affected by Defendant's willful and intentional violation of the FLSA.

52. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

53. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as rent discounts, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

54. In the past three years, Defendant have employed more than one hundred (100) hourly-paid employees who lived on-premises.

55. Upon information and belief, Plaintiff and all or almost all hourly-paid employees who lived on-premises regularly worked more than forty (40) hours in a week.

56. Upon information and belief, Defendant failed to pay these workers at the proper overtime rate.

57. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

> **All hourly-paid employees who lived on-premises within the three (3) years preceding the filing of the Complaint, to whom Defendants gave a rent discount or credit for a period covering at least one week in which the employee worked more than forty (40) hours.**

58. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

59.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

60.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Teresa Wisneski respectfully prays that Defendant be summoned to appear and to answer herein as follows:

61.     That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

62.     A declaratory judgment that Defendant's practices violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

63.     Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

64.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

65.     An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

66.     Such other and further relief as this Court may deem necessary, just and proper.

## IX.    DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial.

                                                Respectfully submitted,

WILLIAMS DIRKS DAMERON, LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7110
Facsimile: (816) 945-7118

/s/ Eric L. Dirks
Eric L. Dirks
Kas. Bar No. 77996
dirks@williamsdirks.com

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Steve Rauls
*PHV To Be Filed*
steve@sanfordlawfirm.com

Josh Sanford
*PHV To Be Filed*
josh@sanfordlawfirm.com

***Counsel for Plaintiffs***