# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TERESA WISNESKI,

    Plaintiff,

v.

BELMONT MANAGEMENT COMPANY, INC.,

    Defendant.

Case No. 19-2523-JAR-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Teresa Wisneski's response to the court's November 15, 2019 order to show cause and motion for leave to file an amended complaint. (ECF No. 19.) For the reasons discussed below, Ms. Wisneski's motion is granted and her amended complaint shall be deemed filed.

## I. BACKGROUND

On August 29, 2019, Ms. Wisneski filed a complaint asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (ECF No. 1.) She alleges she worked at an apartment complex operated by defendant Belmont Management Company, Inc. ("Belmont") as a non-exempt employee. During her employment, Ms. Wisneski lived on the premises. She contends that Belmont violated the FLSA by failing to include all forms of compensation, including rent discounts or a rent credit, in hourly employees' regular rate of pay when calculating the appropriate overtime rate. Ms. Wisneski brings an individual claim for this alleged FLSA violation, as well as a collective action claim for the same violation.

On November 13, 2019, Ms. Wisneski filed an amended complaint. (ECF No. 17.) Because Ms. Wisneski's amended complaint did not appear to comply with Fed. R. Civ. P.

15(a)(2), the court ordered her to show cause why the court should not strike her amended complaint by filing a motion for leave to amend. (*See* ECF No. 18, at 2.) Ms. Wisneski did so, explaining that she sought to leave to amend to add another plaintiff, Mildred Jones. (*See* ECF No. 19 ¶ 6, at 2.) Ms. Jones' allegations and claims are identical to those of Ms. Wisneski.

Belmont contends that Ms. Jones was never provided a rent-free apartment, therefore she cannot state the same FLSA claims as Ms. Wisneski. (ECF No. 20 ¶ 8, at 2.) In support of this argument, Belmont relies declarations from two of its employees. Belmont asks the court to deny leave to amend on that basis. (*Id.* ¶ 9, at 2.)

## II.    ANALYSIS

Because Ms. Wisneski seeks to add a new plaintiff in her amended complaint, the court analyzes both Federal Rules of Civil Procedure 15 and 20, governing amendment and permissive joinder respectively.

### A.    Amendment Under Rule 15

Once a responsive pleading has been filed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotation marks omitted). The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson*, 606 F.3d at 1267 (in the absence of such a showing, amendment should be allowed); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating the party opposing amendment bears the burden to show undue prejudice and that there is a presumption in favor of amendment absent such a showing "or a strong showing of any of the remaining *Foman* factors"). Whether to grant a motion to amend is within the court's sound discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Here, Belmont makes a single futility argument against allowing Ms. Wisneski to amend her complaint. A court may deny a motion to amend as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise fail[s] to state a claim." *Schepp v. Fremont Cty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990). When analyzing a motion to dismiss, a court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "[D]isputes over material issues of fact cannot be resolved on a motion to dismiss . . . but must be reserved for resolution at trial by the appropriate trier." 5 ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 1277 (3d ed. 2019).

Belmont's futility argument rests on its contention that Ms. Jones was never provided a rent-free apartment during her employment and therefore she cannot state the claims in the amended complaint. This argument is a dispute over the facts underlying the proposed amendment that relies on two employee declarations. Such materials are not properly considered on a motion to dismiss and therefore the court will not consider them. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) ("When a party presents matters outside of

the pleadings for consideration [on a 12(b)(6) motion], as a general rule 'the court must either exclude the material or treat the motion as one for summary judgment.'"). The court must assume the facts in the proposed amended complaint as true when determining whether the amendment is futile, so the court cannot deny leave to amend on this basis. Belmont will have an opportunity to challenge the factual basis of Ms. Jones' claims and whether she is an appropriate class member at a later procedural juncture.

      **B.      Joinder Under Rule 20**

When a motion to amend seeks to add parties that are not indispensable, the court must also consider Rule 20, which governs permissive joinder. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 WL 2008860, at *3 (D. Kan. Apr. 30, 2018). Plaintiffs may be joined together in an action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Here, Ms. Jones' allegations and claims against Belmont are essentially identical to Ms. Wisneski's allegations and claims. Accordingly, joining Ms. Jones as a plaintiff is appropriate under Rule 20(a)(1).

**III.    CONCLUSION**

Leave to amend should be freely given when justice so requires, and Belmont has not shown that Ms. Wisneski's proposed amendment is futile. Further, joinder of Ms. Jones as a plaintiff in this case is appropriate under Rule 20(a)(1). For these reasons, the court grants Ms. Wisneski's motion to amend.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff Teresa Wisneski's Motion for Leave to File First Amended and Substituted Complaint (ECF No. 19) is granted. Ms. Wisneski's First Amended Complaint shall be deemed filed effective today.

**IT IS FURTHER ORDERED** that defendant Belmont Management Company, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 21) is denied without prejudice because it was filed prematurely and is now moot.

**IT IS SO ORDERED.**

Dated December 30, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge