## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TERESA WISNESKI AND MILDRED JONES,
EACH INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED,

                                  **Case No. 2:19-CV-2523-JAR**

       Plaintiffs,

       v.

BELMONT MANAGEMENT COMPANY,
INC.,

       Defendant.

## MEMORANDUM AND ORDER

Plaintiffs Teresa Wisneski and Mildred Jones, on behalf of themselves and others similarly situated, bring this action against Defendant Belmont Management Company, Inc. asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  The parties are before the Court with a Joint Motion for Settlement (Doc. 42).  For the reasons stated below, the Court denies the motion without prejudice.

## I.    Legal Standard

The FLSA allows an employee to bring a collective action on the employee's behalf and "other employees similarly situated."[1]  However, "an FLSA lawsuit does not become a collective action unless other plaintiffs affirmatively opt into the class."[2]  To opt in, an individual must give consent in writing.[3]  "Until such consent is given, no person will be bound by or may benefit

---

[1] 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).

[2] *Shepheard v. Aramark Uniform & Career Apparel, LLC*, No. 15-7823-DDC, 2016 WL 5817074, at *1 (D. Kan. Oct. 5, 2016) (quotation marks and citations omitted); *see also Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *3 (D. Kan. Jan. 29, 2019) (citation omitted).

[3] *Shepheard*, 2016 WL 5817074, at *1.

from judgment."[4]  In addition, "[i]n the absence of any claimant's opting in, an FLSA lawsuit becomes moot when an individual's claim is satisfied because the plaintiff lacks any personal interest in representing others in this action."[5]

If the parties settle an FLSA claim, the settlement must be presented to the Court for review and determination of whether it is fair and reasonable.[6]  To approve an FLSA settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned."[7]  "The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness."[8]  The settlement agreement must also contain an award of attorneys' fees.[9]  Furthermore, when parties settle FLSA claims before the Court has made a final certification ruling, the Court must make some final class certification finding before it can approve a collective action settlement.[10]

## II.    Factual Background

Plaintiffs Wisneski and Jones worked as hourly employees for Defendant at one of Defendant's apartment complexes.  They lived on the premises and received a rent credit.  They filed this lawsuit, on behalf of themselves and others similarly situated, for alleged violations of the FLSA.  Plaintiffs allege that Defendant failed to pay them a proper overtime premium because Defendant did not include the value of the rent credit in Plaintiff's regular hourly rate when calculating their overtime pay.

---

[4] *Shepheard*, 2016 WL 5817074, at *1 (citations omitted).

[5] *Id.* at *2 (quotation marks and citation omitted).

[6] *See Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[7] *Id.* (citations omitted).

[8] *Id.*

[9] *Id.*; *see* 29 U.S.C. § 216(b).

[10] *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011).

On May 15, 2020, the parties filed a Joint Motion for Approval of FLSA Collective Action Settlement and for Dismissal of Lawsuit with Prejudice.  The settlement agreement covers the named Plaintiffs' claim as well as any putative class Plaintiffs' FLSA claim.  The parties seek the Court's: (1) approval of their settlement agreement,  (2) certification of their requested collective action class for settlement purposes only, (3) appointment of class counsel and a claims administrator, (4) approval as to the form and substance of the Notice of Collective Action Settlement and Claim Form, (5) approval of the method of distribution, and (6) dismissal of the case with prejudice after final payment has been made.[11]  The parties included a proposed order setting forth the relief sought.[12]

## III.    Discussion

In this case, the parties have sought the approval of a settlement prior to any determination of the certification of the class—either conditionally or finally.[13]  This method is problematic for several reasons.  As noted above, an FLSA suit does not become a collective action until employees opt in to the suit.[14]    In addition, "a named plaintiff cannot settle claims on behalf of putative class members who have not yet opted in."[15]  And the Court must make

---

[11] The Court notes that the representation in the Settlement Agreement appears to differ from what the parties seek in their motion and proposed order.  In the Settlement Agreement, it states that the lawsuit will be conditionally dismissed with prejudice *until* receipt of notice that final payment has been made.  Doc. 42-1 at 5.  In contrast, the parties' motion and proposed order state that the Court will dismiss Plaintiff's claims *after* notice from counsel that final payment has been made.

[12] Doc. 42-1 at 15–16.

[13] Plaintiffs previously filed a Motion to Certify Class (Doc. 30), but Defendant did not substantively respond to this motion.  Instead, Defendant's response notified the Court that the parties had reached a settlement and needed an additional 30 to 45 days to finalize the settlement (Doc. 39).  It is unclear to the Court whether the proposed class in the Motion to Certify is the same as the proposed settlement class, and the parties do not address the issue of certification (or the certification factors) in their Motion for Settlement Approval at all.  Thus, the Court finds that Plaintiff's Motion to Certify should be denied as moot.

[14] *Shepheard v. Aramark Uniform & Career Apparel, LLC*, No. 15-7823-DDC, 2016 WL 5817074, at *1 (D. Kan. Oct. 5, 2016).

[15] *Elston v. Horizon Global Americas, Inc*., No. 19-2070-KHV, 2020 WL 2473542, at *3 (D. Kan. May 13, 2020) (citation omitted).

some sort of final certification ruling before approving the collective action settlement.[16]  Thus, the Court is unable to grant the parties' joint motion for approval of settlement at this time.

The District of Kansas has set forth a method for obtaining settlement approval of an FLSA action "[w]hen putative class members have not yet received notice of the lawsuit and an opportunity to opt in."[17]  To obtain preliminary approval of a collective action settlement, "[s]uch a motion should ask the court to: (1) conditionally certify the proposed settlement class; (2) preliminarily approve the proposed settlement; and (3) approve a proposed notice to the putative class members."[18]  Once these three items occur, a time period will begin for which putative class members can opt in to the lawsuit.[19]  After the opt-in time period expires, "the parties again may move for final approval of the proposed settlement, the attorney's fee award, and the service awards."[20]

In anticipation of a renewed motion, there are several factors the parties should keep in mind.  First, in seeking certification of the proposed class, the Tenth Circuit has approved a two-step approach in FLSA cases to determine whether plaintiffs are similarly situated.[21]  In the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[22]  The notice stage "require[s] nothing more than substantial allegations that the putative class members were

---

[16] *McCaffrey*, 2011 WL 32436, at *3.

[17] *Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *4 (D. Kan. Jan. 29, 2019) (noting the Court "cannot sustain a motion for *final* settlement approval" when putative class members have not yet opted in and setting forth settlement procedures).

[18] *Shepheard*, 2016 WL 5817074, at *3.

[19] *Id*.

[20] *Id*.

[21] *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

[22] *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

together the victims of a single decision, policy, or plan."[23]  At the second step, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs; (2) defenses available to the defendant that are individual to each plaintiff; and (3) other fairness and procedural conditions.[24]

In this case, the parties need to adequately address whether the proposed class is similarly situated to obtain conditional certification.  In addition, the parties may only request preliminary approval of the settlement agreement as the Court is unable to grant final approval at this time. Upon the expiration of the opt-in period, the parties will need to file a motion seeking final approval of the settlement agreement and address final certification of the collective class.

The Court must also address the parties' proposed settlement agreement.  The Court can only approve an FLSA settlement if it "is fair and equitable to all parties concerned."[25]  Here, there are several provisions that cause the Court some concern regarding the fairness of the agreement.

First, the settlement agreement includes a broad release.  It provides that " 'Releasees' refers to and includes Belmont Management Company, Inc. and Belmont Management Company, Inc.'s present and former subsidiaries, divisions, parent companies, holding companies, members, officers, directors, employees, managers, agents, servants, representatives, attorneys, insurers, affiliates, successors, heirs and assigns."[26] As the District of Kansas has noted, "[i]t is inappropriate to require a plaintiff to agree to an overly-broad release as part of a

---

[23] *Thiessen*, 267 F.3d at 1102 (quotation marks and citations omitted).

[24] *Id.* at 1103.

[25] *See Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[26] Doc. 42-1 at 2.

wage settlement."[27]  In particular, the Court has noted that including insurers as a released party is "overly-broad and unfair."[28]  Thus, here, the parties should narrow the proposed releasees prior to submitting a new settlement agreement.[29]

Next, it is unclear from the parties' motion as to the basis for the named Plaintiffs' service or incentive award.  The settlement agreement provides for an award to Plaintiff Wisneski of $4,500 as a combined settlement for her off-the-clock claim and a service payment.  The settlement agreement allows $2,000 for Plaintiff Jones' off-the-clock claim and a service payment.  Generally, the District of Kansas "determines the reasonableness of a requested incentive award by considering whether the proposed award adequately reflects the time that the recipient plaintiff devoted to the lawsuit."[30]  If the motion does not include the time expended by the plaintiffs in the help with the preparation of the case, the Court cannot determine whether the award is fair and reasonable.[31]  The Court recognizes that the award in this case includes the off-the-clock settlement portion in addition to the service award, but there is no information as to the breakdown of these two amounts or the amount of time expended by the named Plaintiffs helping with the case.  Accordingly, the parties should include this information in any renewed motion.

---

[27] *Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *6 (D. Kan. Jan. 29, 2019).

[28] *Id*. at *7.

[29] *See id*. (requiring the parties to "revise and narrow the proposed releases before submitting a new settlement proposal").

[30] *Shepheard v. Aramark Uniform & Career Apparel, LLC*, No. 15-7823-DDC, 2016 WL 5817074, at *3 (D. Kan. Oct. 5, 2016).

[31] *Id.* at *4 (directing the parties to re-submit their motion to identify the amount of time the plaintiffs invested in the case so the Court could determine the appropriateness of the proposed service award); *see also Barbosa v. Nat'l Beef Packing Co*., LLC, No. 12-2311-KHV, 2014 WL 5099423, at *9 (D. Kan. Oct. 10, 2014) (stating that without knowing the number of hours the named plaintiffs devoted to their duties, the Court could not make a determination as to whether the incentive award was fair and reasonable).

Finally, the Court is concerned with the parties' request for attorney's fees.  The settlement agreement provides for $26,500 in attorney's fees and costs and expenses "without need of further petition unless required by the Court."[32]  In addition, it states that Defendant and Defendant's counsel will not oppose such a request.[33]

Under the FLSA, an award of reasonable attorney's fees and costs is mandatory.[34]  The Court, however, has the discretion to determine the amount and reasonableness of the award.[35]  In this case, there is no information as to the total amount of the settlement because it is contingent on how many individuals opt-in to the class and on the formula for which they will receive their payment.[36]  The only information as to monetary amounts in this case is the $26,500 for attorney's fees and the $6,500 to the two named Plaintiffs as a service award and off-the-clock pay.  The parties state that the $26,500 attorney's fee award is reasonable considering that Plaintiffs' counsel has already spent nearly 100 hours on the case with many more hours to come.  Yet, the Court does not have timesheets or records as to this amount of time.  And it is unclear how much additional work will be required of Plaintiffs' counsel because it is unknown how many, if any, individuals will opt-in to the case.   Thus, it appears premature to determine the reasonableness of the amount of the attorney's fee.[37]

---

[32] Doc. 42-1 at 4.

[33] At least one judge from the District of Kansas has noted the "concern about settlement agreements in which defendants agree not to object to or oppose any given fee request" because they "deprive the court of a full record and benefits of the adversary process" and "can lead to unreasonable fee requests." *Bruner v. Sprint/United Mgmt. Co.*, No. 07-2164-KHV, 2009 WL 2058762, at *10 (D. Kan. July 14, 2009).

[34] 29 U.S.C. § 216(b); *Christeson*, 2019 WL 354956, at *8 (citations omitted).

[35] *Christeson*, 2019 WL 354956, at *8.

[36] The Settlement Agreement provides that members of the proposed class will receive an overtime adjustment owed to them according to the following formula: "the amount of the rent credit, divided by total hours worked in the pay period, multiplied by number of overtime hours in the pay period.  This amount will then be doubled in order to account for liquidated damages."  Doc. 42-1 at 3.

[37] *See also Christeson*, 2019 WL 354956, at *8 (noting that the request for attorney's fees and costs was premature because the parties had not followed the proper procedure for obtaining settlement approval).

In sum, for the reasons detailed above, the Court cannot grant the parties' Joint Motion for Settlement based on the current submissions to the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties Joint Motion for Settlement (Doc. 42) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify (Doc. 30) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: June 15, 2020

<div style="margin-left:auto;">

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

</div>

---

The Court also notes that the Settlement Agreement includes an incorrect date of when the lawsuit was filed.  *See* Doc. 42-1 at 2 (stating that the civil action was filed on August 30, 2020).