IN THE UNITED STATES DISTRICT
COURT DISTRICT OF KANSAS

| | |
|---|---|
| TERESA WISNESKI and MILDRED JONES, Each Individually and on Behalf of All Other Similarly Situated, )<br><br>Plaintiffs )<br>)<br>v. )<br>)<br>BELMONT MANAGEMENT COMPANY, INC. )<br>)<br>Defendant. ) | Case No. 2:19-cv-2523-JAR |

**CONSENT MOTION FOR COLLECTIVE ACTION CERTIFICATION, PRELIMINARY APPROVAL OF SETTLEMENT, AND DISTRIBUTION OF NOTICE OF THE PROPOSED COLLECTIVE SETTLEMENT**

COME NOW Plaintiffs Teresa Wisneski and Mildred Jones, each individually and on behalf of all others similarly situated, with the consent of Defendant Belmont Management Company, Inc. ("Belmont"), by and through their undersigned counsel, and for Plaintiffs' Motion for Collective Action Certification, Preliminary Approval of Settlement, and Distribution of Notice of the Proposed Collective Settlement, and do hereby state as follows:

1. This case concerns claims of unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, brought by Plaintiff Wisneski on August 29, 2019. *See* ECF No. 1. Plaintiff Jones was added to this lawsuit on December 30, 2019. *See* ECF No. 29. Plaintiffs asserted that Defendant failed to pay them and Defendant's other hourly-paid employees who lived on premises and received a rent credit a lawful overtime premium due to a failure to include the value of rent credit in their regular rate. Plaintiffs asserted that they additionally performed work off-the-clock. Plaintiffs also sought liquidated damages and attorneys' fees.

Defendant asserted Plaintiffs were properly compensated for all hours worked, including overtime pursuant to the FLSA. *See* ECF No. 9.

2.  Defendant denies all of the allegations and claims set forth in the Complaint and maintains that Plaintiffs and all hourly-paid employees were properly paid all overtime compensation due.

3.  A bona fide dispute exists with regard to Plaintiffs' claim for unpaid overtime.

4.  Plaintiff filed a Motion for Conditional Certification under the Fair Labor Standards Act on January 9, 2020. *See* ECF No. 30. The Parties exchanged discovery with respect to potential damages in the case.

5.  Following extensive negotiations between counsel, the Parties entered into a Collective Action Settlement and Release Agreement ("Settlement"), which, upon Court approval, resolves the litigation in full, including Plaintiffs' individual claims for off-the-clock work, collective action claims, a service payment, and a separately negotiated attorneys' fee, and requests dismissal with prejudice. The Parties filed a Joint Motion for Approval of FLSA Collective Action Settlement and for Dismissal of Lawsuit with Prejudice on May 15, 2020. *See* ECF No. 42.

6.  On June 15, 2020, this Court issued a Memorandum and Order [Doc. 44] directing the Parties to re-file their motion requesting conditional certification of the proposed settlement class, preliminary approval of the proposed settlement for the class, and approval of notice to the putative class members, so that putative collective members are given the chance to opt-in to the instant action prior to final approval of the settlement. As understood by Plaintiffs, the Court will then entertain a motion for final approval of the proposed settlement, including the attorney's fee award.

7. With the consent of, and in consultation with, Belmont, the Plaintiffs have modified the proposed Settlement in accordance with this Court's Memorandum Opinion, including the Release. The revised Settlement is attached as Exhibit 1. With the consent of Belmont, Plaintiffs respectfully request preliminary approval of the proposed settlement and move this Court to conditionally certify this action as a collective action pursuant to the Settlement, appoint Plaintiffs' Counsel as class counsel, and approve of issuance of the mutually agreed upon notice to the class.

8. An FLSA action for overtime compensation "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*.

9. The Tenth Circuit has approved a two-step approach in FLSA cases to determine whether plaintiffs are similarly situated. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). In the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members." *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). The notice stage "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (quotation marks and citations omitted). At the second step, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs; (2) defenses available to the

defendant that are individual to each plaintiff; and (3) other fairness and procedural conditions. *Id.* at 1103.

    10.    Here, the Parties agree that the class is defined as follows:

**All hourly paid property managers who were employed by Belmont and who lived on-premises between May 1, 2017, and May 1, 2020, to whom Defendant gave a rent discount or credit for a period covering at least one week in which the employee worked more than forty (40) hours**.

Plaintiffs assert that all class members were subject to a common practice by Belmont of not including rent credit in class members' base pay for the purpose of calculating overtime pay. While Belmont has disputed liability under the FLSA, Belmont does not dispute Plaintiffs' factual claim that Belmont did not include the dollar value of rent credit in the base pay of putative class members for the purpose of calculating overtime pay.

    11.    This Court also has broad discretion to facilitate and monitor the "details" of the notice to be sent to potential opt-in Plaintiffs. *Ruiz v. Monterey of Lusby, Inc.*, 2014 U.S. Dist. LEXIS 61791 *8 (D. Md. 2014); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (citing Hoffmann-La Roche, 493 U.S. at 171). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide 'accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.'" *Ruiz*, 2014 U.S. Dist. LEXIS 61791 *8 (D. Md. 2014); *Whitehorn v. Wolfgang's Steakhouse*, Inc., 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011).

    12.    The relief afforded to the class is the full and maximum relief under the FLSA based on the facts of the case and the law. The Settlement provides that each member of the potential class of former and current qualifying employees will receive the overtime adjustment owed to them based on the number of overtime hours they worked and the value of their rent credit, plus liquidated damages in the same amount. This is the maximum possible relief the FLSA affords an

individual and there is no superior result by continued litigation. The attorney's fee and service awards, as approved by the Court, are paid separately and are not deducted from any portion of the recovery from the class. To wit, the opt-ins, if any, will receive 100% of their monies with nothing coming out of their portion towards counsel fees. The amount will be calculated by Plaintiffs' Counsel within seven days after receiving time records, payroll data, and rent credit data from Defendant. With the consent of Belmont, Plaintiffs believe the Settlement for participating class members is fair, reasonable, and adequate, and they request an Order from this Court confirming the same.

13.     Under the terms of the Settlement, Plaintiff Wisneski will be paid an additional $4,500.00 as a combined settlement for her off-the-clock claim and a service payment for bringing this lawsuit. $1,000.00 is allocated to her service award and $3,500.00 for her off-the-clock claim. Plaintiffs represent that Plaintiff Wisneski has spent approximately three hours helping her counsel with the lawsuit. Plaintiff Jones will be paid an additional $2,000.00 as a combined settlement for her off-the-clock claim and a service payment for bringing this lawsuit. $500.00 is allocated to her service award and $1,500.00 for her off-the-clock claim. Plaintiffs represent that Plaintiff Jones has spent approximately one and one-half hours helping her counsel with the lawsuit. The time spent included participating in the litigation by attaching their name to the case, reviewing and signing declarations in support of collective action certification, and providing information to Plaintiffs' counsel for purposes of drafting the complaint and collective action motion, as well as calculating damages. These are reasonable awards, given the time they spent with their counsel in bringing this lawsuit. *See generally Freebird, Inc. v. Cimarex Energy Co.,* 46 Kan. App. 2d 631 (2011). This Court has granted service awards of this amount or more in several cases. *Lewis v. Bushwood Investments, LLC*, No. 13-2610-JAR-JPO, 2015 WL 1523895, at *2 (D. Kan. Apr. 3,

2015) (awarding $2,000.00 service fee to each named plaintiff); *Bruner v. Sprint/United Mgmt. Co.*, No. CIV.A.07-2164-KHV, 2009 WL 2729911, at *3 (D. Kan. Aug. 25, 2009) (awarding $5,000.00 service fee to one plaintiff and $2,500.00 to the other named plaintiffs). The service award is also in exchange for Plaintiffs Wisneski and Jones agreeing to a general release of claims in addition to a release of their FLSA claims.

14. The aforesaid terms are duly incorporated in the attached Notice of Collective Action Lawsuit and Proposed Settlement ("Notice"), attached to the Settlement as Exhibit A, and Consent to Join Collective Action and Settlement Claim ("Consent to Join"), attached to the Settlement as Exhibit B, to be sent to the putative class members upon Court approval. These documents have been slightly modified from the prior submission.

15. Defendant has further agreed to produce the names, last known addresses, and last known email addresses for all hourly-paid employees who worked more than forty hours in any week and received a rent credit at any time between May 1, 2017, and May 1, 2020, within 21 days after preliminary approval.

16. The Parties have further agreed that within seven days of receipt of the contact information for class members, Plaintiff's Counsel will send the Court-approved Notice and Consent to Join, and as approved by the Court including any modifications at the direction of the Court, to the class, by first-class mail, with a postage pre-paid return envelope addressed to Plaintiff's Counsel, and by email using DocuSign.com.

WHEREFORE, for the reasons stated above, with the consent of Belmont, Plaintiffs respectfully request that the Court preliminarily approve the Settlement Agreement, certify the requested collective action class for settlement purposes only, appoint class counsel, approve as to form and substance the Notice and Consent to Join, approve of the method of distribution via U.S.

mail and email, and for all other just and proper relief.

        Respectfully submitted,

        **TERESA WISNESKI and MILDRED JONES, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

        WILLIAMS DIRKS DAMERON, LLC
        1100 Main Street, Suite 2600
        Kansas City, Missouri 64105
        Telephone: (816) 945-7110
        Facsimile: (816) 945-7118
        /s/ Eric L. Dirks
        Eric L. Dirks
        D. Kan. Bar No. 77996
        dirks@williamsdirks.com

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 South Shackleford, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        Josh Sanford
        *PHV Admitted*
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

        *Counsel for Plaintiffs*

        **CONSENTED TO:**

        **DEFENDANT BELMONT MANAGEMENT COMPANY, INC.**

        HINKLE LAW FIRM LLC
        1617 North Waterfront Parkway, Suite 400
        Wichita, Kansas 67206-6639
        Telephone: (316) 267-2000
        Facsimile: (316) 630-8466

Matthew K. Holcomb
SC No. 23140
mholcomb@hinklaw.com

Scott R. Schillings
SC No. 16150
sschillings@hinklaw.com

THE WALLER LAW OFFICE
2001 Park Place, Suite 900
Birmingham, AL 35203
Telephone: (205) 313-7330

Jonathan H. Waller
jwaller@waller-law.com

ARENDALL LAW
2671 Vesclub Circle
Vestavia Hills, AL 35216
Telephone: (205) 979-9728

David R. Arendall
dra@arendalllaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October 2020, the foregoing was filed via the Court's electronic filing system which will send notice to all counsel of record.

/s/ Eric L. Dirks
Eric L. Dirks