IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERESA WISNESKI AND MILDRED JONES,**
Each Individually and on Behalf of All Others
Similarly Situated,

      **Plaintiffs,**

      v.

**BELMONT MANAGEMENT COMPANY, INC.,**

      **Defendant.**

Case No. 2:19-CV-2523-JAR

## MEMORANDUM AND ORDER

Plaintiffs Teresa Wisneski and Mildred Jones, on behalf of themselves and others similarly situated, bring this action against Defendant Belmont Management Company, Inc. asserting violations of the Fair Labor Standards Act ("FLSA").[1] The parties are before the Court with a Consent Motion for Collective Action Certification, Preliminary Approval of Settlement, and Distribution of Notice of the Proposed Collective Settlement (Doc. 45). For the reasons stated below, the Court grants the motion.

**I.     Legal Standard**

The FLSA allows an employee to bring a collective action on the employee's behalf and "other employees similarly situated."[2] However, "an FLSA lawsuit does not become a collective action unless other plaintiffs affirmatively opt into the class."[3] To opt in, an individual must give

---

[1] 29 U.S.C. § 201 *et seq*.

[2] 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).

[3] *Shepheard v. Aramark Uniform & Career Apparel, LLC*, No. 15-7823-DDC, 2016 WL 5817074, at *1 (D. Kan. Oct. 5, 2016) (quotation marks and citations omitted); *see also Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *3 (D. Kan. Jan. 29, 2019) (citation omitted).

consent in writing.[4]  "Until such consent is given, no person will be bound by or may benefit from judgment."[5]  In addition, "[i]n the absence of any claimant's opting in, an FLSA lawsuit becomes moot when an individual's claim is satisfied because the plaintiff lacks any personal interest in representing others in this action."[6]

If the parties settle an FLSA claim, the settlement must be presented to the Court for review and determination of whether it is fair and reasonable.[7]  To approve an FLSA settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned."[8]  "The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness."[9]  The settlement agreement must also contain an award of attorneys' fees.[10]  Furthermore, when parties settle FLSA claims before the Court has made a final certification ruling, the Court must certify the class before it can approve a collective action settlement.[11]

## II.     Factual and Procedural Background

Plaintiffs worked as hourly employees for Defendant at one of Defendant's apartment complexes.  They lived on the premises and received a rent credit.  They filed this lawsuit, on behalf of themselves and others similarly situated, for alleged violations of the FLSA.  Plaintiffs allege that Defendant failed to pay them a proper overtime premium because Defendant did not

---

[4] *Shepheard*, 2016 WL 5817074, at *1.

[5] *Id.* (citations omitted).

[6] *Id.* at *2 (quotation marks and citation omitted).

[7] *See Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[8] *Id*. (citations omitted).

[9] *Id*.

[10] *Id*.; *see* 29 U.S.C. § 216(b).

[11] *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011).

include the value of the rent credit in Plaintiff's regular hourly rate when calculating their overtime pay.

On May 15, 2020, the parties filed a Joint Motion for Approval of FLSA Collective Action Settlement and for Dismissal of Lawsuit with Prejudice.[12] This Court denied the motion noting several issues.[13] Specifically, the Court directed the parties to request (1) conditional certification of the proposed settlement class, (2) request preliminary approval of the proposed settlement, and (3) provide a proposed notice to the putative class members.[14] The Court noted after these three items were approved, and the opt-in period completed, the parties could then ask for final certification of the collective class and final approval of the settlement agreement.[15]

Plaintiffs are now before the Court with a consent motion. They seek collective action certification, preliminary approval of the settlement, and distribution of their Notice of the Proposed Collective Settlement.

## III.   Discussion

### A.   Collective Action Certification

In seeking certification of a proposed class, the Tenth Circuit has approved a two-step approach in FLSA cases to determine whether plaintiffs are similarly situated.[16] In the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[17] The notice stage "require[s]

---

[12] Doc. 42.

[13] Doc. 44.

[14] *Id*. (citing *Shepheard v, Aramark Uniform & Career Apparel, LLC*, No. 15-7823-DDC, 2016 WL 5817074, at *3 (D. Kan. Oct. 5, 2016)).

[15] *Id.*

[16] *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

[17] *Brown v. Money Tree Mortg., Inc*., 222 F.R.D. 676, 679 (D. Kan. 2004).

3

nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[18] At the second step, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs; (2) defenses available to the defendant that are individual to each plaintiff; and (3) other fairness and procedural conditions.[19]

Plaintiffs seek the Court's certification of a collective action class for purposes of settlement only.  Here, the proposed class members include individuals who worked for Defendant as property managers and received a rent discount or credit from Defendant during at least one week in which the individual worked more than 40 hours a week.[20]  In addition, Plaintiffs allege that these individuals were subject to the same common practice of Defendant not including rent credit in their base pay.  Thus, the Court concludes that the individuals in the proposed collective action settlement class are similarly situated for purposes of sending notice.

### B.     Preliminary Approval of the Settlement

The Court can only approve an FLSA settlement if it "is fair and equitable to all parties concerned."[21]  The Court's previous concerns have been addressed because the parties (1) narrowed the settlement agreement's release, (2) set forth the basis for the service award, and (3) stated that they will seek approval of the requested amount of $26,500 in attorney's fees at the time of final approval of the settlement agreement.  The remainder of the FLSA settlement agreement appears fair and equitable to all the parties.

---

[18] *Thiessen*, 267 F.3d at 1102 (quotation marks and citations omitted).

[19] *Id.* at 1103.

[20] The time period is limited to May 1, 2017 through May 1, 2020.

[21] *See Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

### C. Distribution of their Notice of the Proposed Collective Settlement

Plaintiffs also seek the distribution of the Notice of the Proposed Collective Settlement and provided a copy of the Notice, as well as copy of the Consent to Join form.[22]  The Court has reviewed the Notice and the Consent to Join form and approves both documents.  The date this Order is filed shall be placed in the appropriate place in the Notice.

**IT IS THEREFORE ORDERED BY THE COURT** that the Consent Motion for Collective Action Certification, Preliminary Approval of Settlement, and Distribution of Notice of the Proposed Collective Settlement (Doc. 45) is **GRANTED**.

The Court certifies the collective action class for settlement purposes only, preliminarily approves the Settlement Agreement, appoints Eric Dirks and Josh Sanford as class counsel, approves the form and substance of the Notice and Consent to Join, and approves the method of distribution via United States mail and email.

**IT IS SO ORDERED.**

Dated: November 20, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[22] Doc. 45-1 at 13–15, 17.