## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| TERESA WISNESKI and MILDRED JONES, Each Individually and on Behalf of All Other Similarly Situated, | ) ) ) ) | |
| Plaintiffs | ) ) | Case No. 2:19-cv-2523-JAR |
| v. | ) ) | |
| BELMONT MANAGEMENT COMPANY, INC. | ) ) | |
| Defendant. | ) ) | |

## CONSENT MOTION FOR FINAL CERTIFICATION AND FINAL APPROVAL OF SETTLEMENT

Plaintiffs Teresa Wisneski and Mildred Jones ("Plaintiffs"), each individually and on behalf of all others similarly situated, with the consent of Defendant Belmont Management Company, Inc. ("Belmont"), by and through their undersigned counsel, seek approval of their Settlement Agreement resolving all claims in this lawsuit.

## I.    INTRODUCTION

This case concerns claims of unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, brought by Plaintiff Wisneski on August 29, 2019. *See* ECF No. 1. Plaintiff Jones was added to this lawsuit on December 30, 2019. *See* ECF No. 29.  Plaintiffs asserted that Defendant failed to pay them and Defendant's other hourly-paid employees who lived on premises and received a rent credit a lawful overtime premium due to a failure to include the value of rent credit in their regular rate. Plaintiffs asserted that they additionally performed work off-the-clock. Plaintiffs also sought liquidated damages and attorneys' fees. Defendant asserted Plaintiffs were properly compensated for all hours worked, including

overtime pursuant to the FLSA. *See* ECF No. 9. Defendant denies all of the allegations and claims set forth in the Complaint and maintains that Plaintiffs and all hourly-paid employees were properly paid all overtime compensation due. The Plaintiffs and Defendant (collectively, "the Parties") agree that a bona fide dispute exists with regard to Plaintiffs' claims for unpaid overtime.

On October 7, 2020, with the consent of Belmont, Plaintiffs respectfully requested preliminary approval of a Collective Action Settlement and Release Agreement ("Settlement") as fair and equitable and moved this Court to conditionally certify this action as a collective action pursuant to the Settlement, appoint Plaintiffs' Counsel as class counsel, and approve of issuance of the mutually agreed upon notice to the class. *See* ECF No. 45.8.

The Parties agreed to a collective class defined as follows:

**All hourly paid property managers who were employed by Belmont and who lived on-premises between May 1, 2017, and May 1, 2020, to whom Defendant gave a rent discount or credit for a period covering at least one week in which the employee worked more than forty (40) hours**.

On November 20, 2020, this Court issued a Memorandum and Order [Doc. 48] granting Plaintiffs' Motion for Collective Action Certification, Preliminary Approval of Settlement, and Distribution of Notice of the Proposed Collective Settlement. Following the Court's Order, Defendant produced the names, last known addresses, and last known email addresses for all class members.

Plaintiffs' Counsel sent the Court-approved Notice and Consent to Join to the class by first-class mail, with a postage pre-paid return envelope addressed to Plaintiffs' Counsel, and by email using DocuSign.com. Eighteen individuals opted into the lawsuit ("Opt-in Plaintiffs"). See ECF Nos. 49 and 50. The Parties now request final certification of the collective class and final approval of the settlement.

## II.    ARGUMENT

### A.    Final Certification

As an initial matter, Defendant does not oppose final certification of the collective class for purposes of the settlement. To the extent that the requirements for final certification are nevertheless required, Plaintiffs represent that every requirement is met here.

To determine whether a group of opt-in plaintiffs is similarly situated for purposes of final certification, courts review a list of factors, including: 1) the disparate factual and employment conditions of the individual plaintiffs, 2) defenses available to the defendant that are individual to each plaintiff, and 3) other fairness and procedural conditions. *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001).

The similarly situated standard is less demanding than the Rule 23 standard, and collective action members need only be "similarly situated," not identical. *See O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 580 (6th Cir. 2009); *Scovil v. FedEx Ground Package Sys.*, 886 F. Supp. 2d 45, 57 (D. Me. 2012); *Thompson v. Bruister & Assocs.*, 967 F. Supp. 2d 1204, 1220 (M.D. Tenn. 2013) (citing cases); *Nerland v. Caribou Coffee Co.*, 564 F. Supp. 2d 1010, 1018 (D. Minn. 2007). That some factual variation exists among collective members does not warrant decertification, so long as the collective members are similarly situated with respect to the relevant factual circumstances. *See Bobbitt v. Broadband Interactive, Inc.*, No. 8:11-cv-2855-T-24 MAP, 2013 U.S. Dist. LEXIS 150854, at *45 (M.D. Fla. Oct. 21, 2013); *Kelly v. Healthcare Servs. Grp., Inc.*, 106 F. Supp. 3d 808, 816 (E.D. Tex. 2015) ("most courts acknowledge that there will be 'numerous differences' and 'legitimate differences' in the plaintiffs' testimony. The question for the court is whether these differences are so material as to prevent Plaintiffs from

being similarly situated to one another") (internal citations and editing marks omitted); *Clark v. Centene Co. of Tex.*, L.P., 44 F. Supp. 3d 674, 688 (W.D. Tex. 2014) ("the Court concludes [defendant] has adeptly identified numerous differences between individual plaintiffs, but none so material as to prevent them from being similarly situated to one another"); *Thompson*, 967 F. Supp. 2d at 1220 ("Rare would be the collective action - or class action for that matter - where the employees labored under the exact same circumstances.").

The opt-in plaintiffs in this case were all property managers who worked within the specified time period, were paid by the hour, and also received a monthly rent credit which was not included in their regular rate before calculating their overtime rate of pay. These factual similarities are material because they form the basis for the collective class's claim for unpaid wages. While there are differences among the collective class such as where they worked, their hourly rates of pay and their monthly rent credit, these differences do not prevent the collective class from being similarly situated to one another, nor do these differences give rise to individual defenses. Additionally, the method for calculating damages is the same for all collective members. Because the claims of each member of the collective are based on the same facts and the same law, it is procedurally efficient to resolve them in one collective action lawsuit. Therefore, the collective class and the named Plaintiffs are similarly situated for the purposes of final certification.

B.     Terms of the Settlement

As reflected in the Settlement Allocation attached hereto as Exhibit A, members of the collective are receiving payments corresponding to their damages for failure to calculate the rent credit into overtime pay as calculated by Plaintiffs' Counsel from the time and pay records produced by Defendant. The relief that will be afforded to the collective class is the full and

maximum relief under the FLSA based on the provided data, the rent credit claims brought in the case, and the law. The Settlement provides that each member of the collective of former and current qualifying employees will receive the overtime adjustment owed to them based on the number of overtime hours they worked and the value of their rent credit, plus liquidated damages in the same amount. With the consent of Belmont, Plaintiffs believe the Settlement for Plaintiffs and Opt-in Plaintiffs is fair, reasonable, and adequate, and they request an Order from this Court confirming the same.

Under the terms of the Settlement, Plaintiff Wisneski will be paid an additional $4,500.00 as a combined payment as settlement for her off-the-clock claim and as a service payment for bringing this lawsuit. $3,500.00 is allocated to her off-the-clock claim and $1,000.00 is allocated to her service award. Plaintiffs represent that Plaintiff Wisneski has spent approximately three hours helping her counsel with the lawsuit. Plaintiff Jones will be paid an additional $2,000.00 as a combined settlement for her off-the-clock claim and a service payment for bringing this lawsuit. $500.00 is allocated to her service award and $1,500.00 for her off-the-clock claim. Plaintiffs represent that Plaintiff Jones has spent approximately one and one-half hours helping her counsel with the lawsuit. The time spent included participating in the litigation by attaching their name to the case, reviewing and signing declarations in support of collective action certification, and providing information to Plaintiffs' counsel for purposes of drafting the complaint and multiple motions, as well as calculating damages. These are reasonable awards, given the time they spent with their counsel in bringing and prosecuting this lawsuit. *See generally Freebird, Inc. v. Cimarex Energy Co.,* 46 Kan. App. 2d 631 (2011). This Court has granted service awards of this amount or more in several cases. *Lewis v. Bushwood Investments, LLC*, No. 13-2610-JAR-JPO, 2015 WL 1523895, at *2 (D. Kan. Apr. 3, 2015) (awarding

$2,000.00 service fee to each named plaintiff); *Bruner v. Sprint/United Mgmt. Co.*, No. CIV.A.07-2164-KHV, 2009 WL 2729911, at *3 (D. Kan. Aug. 25, 2009) (awarding $5,000.00 service fee to one plaintiff and $2,500.00 to the other named plaintiffs). The service award is also in exchange for Plaintiffs Wisneski and Jones agreeing to a general release of claims in addition to a release of their FLSA claims.

    C.    Attorneys' Fees

    The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee . . . and costs of the action." *See, e.g., Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 593 (10th Cir. 1992) (quoting 29 U.S.C. § 216(b)). For purposes of attorneys' fees, the plaintiff is considered a "prevailing party" if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing suit. *Jackson v. Austin*, 267 F. Supp.2d 1059, 1063 (D. Kan. 2003). Though the court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory. *Wright v. U-Let-Us Skycap Serv., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986).

    Plaintiffs seek, and Defendant does not oppose, an attorney's fees and expenses award of $26,500.00. Plaintiffs specifically agreed not to seek an award exceeding this amount. This amount was negotiated separately and without regard to the FLSA claims of the collective class. Because Plaintiffs and Opt-in Plaintiffs are receiving 100% of their rent credit damages, the negotiated attorney's fee does not reduce the award to any collective class member.  In addition, any unapproved fees will not revert to the Plaintiffs. Accordingly, approval of the agreed upon fee is not required. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing

on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.") (citations omitted)).

To the extent this Court wishes to assess the amount and reasonableness of the fee, courts in the Tenth Circuit first calculate the "lodestar," that is, "the reasonable number of hours spent on litigation multiplied by a reasonable hourly rate." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (internal citations omitted). The party seeking an award of fees has the burden of proving both the number of hours spent and the reasonableness of those hours. *Id.* Once an applicant has met this burden, the lodestar figure is presumed to be a reasonable fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

In support of this motion, Plaintiffs attach Exhibit B, detailing the hours that Plaintiffs' Counsel has spent on this case. Plaintiffs' Counsel worked over 180 hours on the case, incurring over $52,000.00 in billed hours, taking the case from the complaint drafting stage through informal discovery and damages calculations, to the sending out of Notice and Claim forms as well as extensive settlement negotiations spanning the course of several months. Plaintiffs' Counsel also incurred $689.90 in costs. At only 51% of Plaintiffs' Counsel's billed hours, the award is reasonable.

To determine a reasonable hourly rate, the court refers "to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The Tenth Circuit defines the relevant community as the area in which the litigation occurs. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983) (applying local rate to civil rights litigation involving prison conditions).

The hourly rates of Plaintiffs' counsel are reasonable in light of other similar hourly rates approved by this court in employment cases involving counsel with similar experience. *See, e.g., Barbosa v. Nat'l Beef Packing Co., LLC,* No. 12-2311-KHV, 2015 U.S. Dist. LEXIS 108821, at *42-43 (D. Kan. Aug. 13, 2015) (finding hourly rates ranging from $180 to $425 reasonable, depending on each attorney's level of experience, in an FLSA case).

When determining the reasonableness of an attorney's fee award, Tenth Circuit courts have also taken into account the factors laid out in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989). These factors are: (1) time and labor required, (2) novelty and difficulty of the questions presented in the case, (3) skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) "undesirability" of the case, (11) nature and length of the professional relationship with the client and (12) awards in similar cases. *Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *6 (D. Kan. Jan. 29, 2019). Many of these factors are subsumed within the calculation of the lodestar. *See Blum*, 465 U.S. at 898–900 (finding that "novelty and complexity of issues," "special skill and experience of counsel," quality of representation," and "results obtained" can be accounted for within the lodestar calculation); *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565–66 (1986) ("the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorneys' fee").

Many factors not already addressed above support the fee award sought. The skill requisite to perform the legal service properly weighs in favor of the fee award. Sanford Law

Firm's primary practice is in the field of FLSA wage-and-hour litigation. This case did not involve novel legal issues, but the collective action made it procedurally complex and ill-suited for attorneys without extensive experience in FLSA matters. Fees in this case were "contingent" in the sense that recovery of the fees was uncertain and hinged upon the success of Plaintiffs' claims. Determination of fees was also delayed, as it requires Plaintiffs' Counsel to wait until resolution of the case in order to receive anything. The amount involved and the results obtained also favor the fee award. Plaintiffs successfully pursued this case and obtained a settlement equal to one hundred percent of the damages for their rent credit claims for themselves and the Opt-in Plaintiffs.

## III.    CONCLUSION

WHEREFORE, for the reasons stated above, with the consent of Belmont, Plaintiffs respectfully request that the Court finally approve the settlement reached between the Parties and for all other just and proper relief and dismiss the case with prejudice upon notice from counsel that final payment has been made.

Respectfully submitted,

WILLIAMS DIRKS DAMERON, LLC

/s/ Eric L. Dirks
Eric L. Dirks, KS Bar No. 77996
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7110
Facsimile: (816) 945-7118
dirks@williamsdirks.com

SANFORD LAW FIRM, PLLC
Josh Sanford *(Admitted Pro Hac Vice)*
Ark. Bar No. 2001037
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211

Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

***Counsel for Plaintiffs***

**CONSENTED TO:**

**DEFENDANT BELMONT
MANAGEMENT COMPANY, INC.**

HINKLE LAW FIRM LLC
1617 North Waterfront Parkway, Suite 400
Wichita, Kansas 67206-6639
Telephone: (316) 267-2000
Facsimile: (316) 630-8466

Matthew K. Holcomb
SC No. 23140
mholcomb@hinklaw.com

Scott R. Schillings
SC No. 16150
sschillings@hinklaw.com

THE WALLER LAW OFFICE
2001 Park Place, Suite 900
Birmingham, AL 35203
Telephone: (205) 313-7330

Jonathan H. Waller
jwaller@waller-law.com

ARENDALL LAW
2671 Vesclub Circle
Vestavia Hills, AL 35216
Telephone: (205) 979-9728

David R. Arendall
dra@arendalllaw.com

***Counsel for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of May 2021, the foregoing was filed via the Court's electronic filing system which will send notice to all counsel of record.

/s/ Eric L. Dirks
Eric L. Dirks