IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERESA WISNESKI AND MILDRED JONES,** each individually and on behalf of all others similarly situated, | |
| **Plaintiffs,** | Case No. 2:19-CV-2523-JAR |
| v. | |
| **BELMONT MANAGEMENT COMPANY, INC.,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Plaintiffs Teresa Wisneski and Mildred Jones, on behalf of themselves and others similarly situated, bring this action against Defendant Belmont Management Company, Inc. asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The parties are before the Court with a Consent Motion for Final Collective Action Certification and Final Approval of Settlement (Doc. 51). They also seek approval of Plaintiffs' attorney fees. For the reasons stated below, the Court grants the motion.

**I.      Legal Standard**

A settlement of claims under the FLSA must be presented to the Court for review and determination of whether the settlement is fair and reasonable.[1] To approve an FLSA settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned."[2] "The Court may enter a stipulated

---

[1] *See Peterson v. Mortg. Sources Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[2] *Id*. (citations omitted).

judgment only after scrutinizing the settlement for fairness."[3]  The settlement agreement must also contain an award of attorneys' fees.[4]  Furthermore, when parties settle FLSA claims before the Court has made a final certification ruling, the Court must make some final class certification findings before it can approve a collective action settlement.[5]

## II.     Factual and Procedural Background

Plaintiffs Wisneski and Jones worked as hourly employees for Defendant at one of Defendant's apartment complexes.  They lived on the premises and received a rent credit.  They filed this lawsuit, on behalf of themselves and others similarly situated, for alleged violations of the FLSA.  Plaintiffs allege that Defendant failed to pay them a proper overtime premium because Defendant did not include the value of the rent credit in Plaintiff's regular hourly rate when calculating their overtime pay.

During discovery, the parties entered into a settlement agreement and requested the Court's approval.[6]  The Court initially denied their motion due to procedural issues and some concern as to several provisions in the settlement agreement.[7]

The parties presented a second consent motion seeking collective action certification, preliminary approval of their settlement, and distribution of their Notice of the Proposed Collective Settlement.[8]  The Court granted this motion.[9]  The parties are now before the Court

---

[3] *Id*.

[4] *Id*. at *5; *see* 29 U.S.C. § 216(b).

[5] *McCaffrey v. Mortg. Sources Corp*., No. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011).

[6] Doc. 42.

[7] Doc. 44.

[8] Doc. 45.

[9] Doc. 48

seeking final collective action certification, final approval of their settlement, and approval of Plaintiffs' request for attorney fees.

## III. Discussion

### A. Final Collective Action Certification

Before a court can approve the parties' FLSA settlement, it must make a final certification determination.[10] To make this determination, the Court must consider whether the plaintiffs are similarly situated.[11] At this second final-stage determination, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs; (2) defenses available to the defendant that are individual to each plaintiff; and (3) other fairness and procedural conditions.[12]

Here, the eighteen opt-in Plaintiffs are all similarly situated. Each Plaintiff was a property manager who worked for Defendant within the specified time period (May 1, 2017 through May 20, 2020), were paid hourly, and received a monthly rent credit which was not included in their regular rate for calculating overtime. There are small factual differences with regard to the location in which Plaintiffs worked, the hourly rate, and the specific rent credit. These factual differences, however, are not greater than the similarities between the collective class members. In addition, Defendant's defense would primarily be the same as to each opt-in Plaintiff. Finally, procedurally, it is more efficient for this to proceed as a collective action. Accordingly, the Court finds that the opt-in Plaintiffs are similarly situated for final collective action certification.

---

[10] *McCaffrey*, 2011 WL 32436, at *3

[11] *Id*.; *see also Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102–03 (10th Cir. 2001).

[12] *Thiessen*, 267 F.3d at 1103.

B.     FLSA Settlement Approval

The Court can only approve an FLSA settlement if a bona fide dispute exists, and it "is fair and equitable to all parties concerned."[13]  Here, a bona fide dispute exists between the parties.  Plaintiffs claim Defendants failed to include the value of their rent credit when calculating overtime, and Defendants deny any wrongdoing. In addition, the parties agree that a bona fide dispute exists.

The Court notes that the parties previously came before the Court twice with regard to the proposed terms of the settlement agreement.  The first time, the Court expressed its concerns with certain provisions and denied the parties' request for settlement approval.  The second time the Court found that the parties had addressed the Court's concerns and determined that the parties' settlement agreement appeared fair and equitable.  Thus, the Court will only briefly address the standard for a fair and equitable settlement here.

In determining whether the settlement terms are fair and equitable, there are generally four factors to consider.

> These include (1) whether the proposed settlement has been fairly and honestly negotiated, (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation [,] and (4) the judgment of the parties that the settlement is fair and reasonable.[14]

In this case, the settlement was reached during litigation and after the exchange of some discovery.  The parties engaged in arms-length settlement negotiations.  Both parties knew of the inherent risks and uncertainties of litigation, as well as the costs associated with the litigation.

---

[13] *See Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[14] *Barbosa v. Nat'l Beef Packing Co.,* Case No. 12-2311-KHV, 2015 WL 4920292, at *5 (D. Kan. Aug. 18, 2015) (citations omitted).

After negotiation, both parties believed that the terms of the settlement were in the best interests of the parties and were fair and reasonable. As noted above, the parties already addressed the Court's previous issues with the settlement terms. Accordingly, the Court concludes that the terms of the settlement are fair and equitable to all parties concerned.

### C. Attorney Fees

Under the FLSA, an award of reasonable attorney fees and costs is mandatory.[15] The Court, however, has the discretion to determine the amount and reasonableness of the award.[16]

Here, Plaintiffs seek, and Defendant does not oppose, $26,500 in attorney fees and expenses. The parties state that this amount was negotiated separately and without regard to the FLSA claims. In addition, all Plaintiffs receive 100% of their rent credit damages so the negotiated attorney fee does not reduce the award to any class member.[17]

Generally, to determine the reasonableness of an attorney fee award, the Court first considers the lodestar amount, which multiplies the number of hours worked by the prevailing hourly rate.[18] The Court also considers the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[19] These factors include: (1) time and labor required, (2) novelty and difficulty of the questions, (3) skill required to properly perform the legal service, (4) preclusion

---

[15] 29 U.S.C. § 216(b); *Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *8 (D. Kan. Jan. 29, 2019) (citations omitted).

[16] *Christeson*, 2019 WL 354956, at *8.

[17] There is some recent case law from the Eighth Circuit providing that "[w]hen the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim," the FLSA statute does not "require[e] approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (citations omitted). Nevertheless, the Court will proceed to determine the reasonableness of the requested fees here.

[18] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (citations omitted); *McFeeters v. Brand Plumbing*, No. 16-1122-EFM, 2017 WL 6451104, at *3 (D. Kan. Dec. 18, 2017) (citation omitted).

[19] *McFeeters*, 2017 WL 6451104, at *3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

of other employment by the attorney because of the acceptance of the case, (5) customary fee, (6) whether the fee is contingent or fixed, (7) time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation, and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) awards in similar cases.[20]

To support Plaintiffs' request for attorney fees, counsel included a twenty-six-page detailed billing summary. These records indicate that Plaintiffs' attorneys billed 180 hours, in rates ranging from $220 to $470, totaling $52,000. In addition, Plaintiffs' counsel incurred $689.90 in costs. This lodestar amount of $52,000 is approximately $288 per hour which appears to be in line with the prevailing hourly rate.[21] Plaintiffs, however, requested $26,500, which is half the amount of the billed hours and thus remains a reasonable fee.

In addition, as to the *Johnson* factors, the Court already discussed the time and labor required for the case. Plaintiffs' counsel demonstrates that they have the experience and skill to handle this FLSA case as the law firm's primary practice is in the FLSA field. In addition, because Plaintiffs' counsel took this case on a contingency-fee basis, they took the risk that they would not be paid at all. Furthermore, the amount and result Plaintiffs received in this case appears to be within reason as each opt-in Plaintiff will receive 100% of their rent credit damages. Finally, as noted above, Plaintiffs' attorney fee award does not impact Plaintiffs' recovery at all. Accordingly, the Court finds that the amount of the attorney fee request is reasonable.

---

[20] *Johnson*, 488 F.2d at 717–19.

[21] Several cases from the District of Kansas note that rates between $180 and $425 are reasonable and match the prevailing market rates for FLSA litigators. *See McFeeters*, 2017 WL 6451104, at *4 (finding that $275 an hour was in line with the prevailing market rate); *Barbosa v. Nat'l Beef Packing Co., LLC*, Case No. 12-2311-KHV, 2015 WL 4920292, at *10 (D. Kan. Aug. 18, 2015) (finding that rates between $180 and $425 were reasonable for associates and experienced attorneys).

**IT IS THEREFORE ORDERED BY THE COURT** that the Consent Motion for Final Collective Action Certification and Final Approval of Settlement (Doc. 51) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 19, 2021

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE